IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| LA MICHAEL THOMAS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 3:21-cv-499-RGJ |
| vs. | ) <br> ) |
| THE HERTZ CORPORATION, | ) <br> ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant The Hertz Corporation ("Defendant"), by and through undersigned counsel, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of the civil action filed by La Michael Thomas ("Plaintiff") presently pending in the Circuit Court for Jefferson County, Kentucky, Case No. 21-CI-003333. As grounds for removal, Defendant states as follows:

1. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all record documents, including all orders, pleadings, and process served upon Defendant are attached as **Exhibit A.**

2. The Complaint in the above action was filed in the Circuit Court for Jefferson County, Kentucky, on June 9, 2021. Defendant received service of the Summons and Complaint on July 14, 2021. See **Exhibit B, Declaration of Cindy Campobasso.** Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal was timely filed within the thirty (30) days of Defendant's receipt of service of the Complaint.

3. Removal of the entire action is proper under 28 U.S.C. §§ 1332 and 1441. This action was originally brought in a State court, and is a civil action over which the district courts of

the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendant and an amount in controversy in excess of $75,000.

4.      As set forth in Paragraph 4 of Plaintiff's Complaint, Plaintiff is a citizen of the State of Kentucky. *See* **Exhibit A, Complaint**.

5.      Defendant is a foreign corporation organized under the laws of Delaware with its principle place of business located at 8501 Williams Rd, Estero, Florida  33928. Defendant is registered to do business in the Commonwealth of Kentucky. **Exhibit C, Kentucky Secretary of State Business filings**

6.      The leadership of Hertz is found at its Estero, Florida headquarters. The core executive and administrative functions for Hertz are carried out in Estero, Florida. *See* **Exhibit D, Declaration of Mie Koscielski.** Accordingly, Florida is Hertz's principal place of business. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) (court clarified that state where corporate headquarters is located is the state where it maintains its principal place of business). For purposes of removal, Hertz is deemed a citizen of Delaware and Florida, pursuant to 28 U.S.C. § 1332(c).

7.      Complete diversity of citizenship exists between Plaintiff, a citizen of Kentucky, and Defendant, a citizen of Delaware and Florida.

8.      With respect to the amount in controversy in excess of $75,000 requirement for diversity jurisdiction, Plaintiff's Complaint does not contain a specific monetary demand. While Plaintiff states in his Complaint that the amount in controversy is less than $75,000, such a statement is insufficient to preclude removal of the action to federal court. *Cook v. Estate of Moore*, No. 3:12-cv-00485, 2012 WL 5398064, at *1 (W.D. Ky. Nov. 1, 2012). Notably, the Kentucky

Rules of Civil Procedure allow recovery beyond that demanded in the pleadings. Ky. R. Civ. P. 8.01(2) and 54.03(2).

9. When a Complaint does not specify an exact amount of damages, the Defendant may nevertheless remove the case to federal court if it can establish by a preponderance of the evidence that Plaintiff's claims meet the amount in controversy requirement. *Whitehead v. Dollar Tree Stores, Inc.*, No. 5:16-cv-158, 2016 WL 4197582, at *2 (E.D. Ky. Aug. 8, 2016). "In diversity cases such as this one, courts look to state law to determine the nature and amount of recoverable damages." *Gavriles v. Verizon Wireless*, 194 F.Supp.2d 674, 684 (E.D. Mich. 2002); citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 384, 352-53 (1961). A Defendant's notice of removal only needs to contain plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

10. Plaintiff's Complaint asserts claims of retaliation and sexual harassment in violation of KRS 344. *See* **Exhibit A, Complaint**. According to Plaintiff's Complaint, he is seeking (1) past and future lost wages and benefits, (2) damages for emotional distress, (3) attorneys' fees; (4) punitive damages; and (5) costs. *See* **Exhibit A, Complaint.**

11. Under KRS 344.450, Plaintiff may recover back pay, front pay, damages for emotional distress, and attorneys' fees if he prevails at trial on his claims.

12. Defendant denies that Plaintiff is entitled to any recovery whatsoever in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it. In light of the allegations contained in Plaintiff's Complaint, as well as the available remedies, the amount in controversy in this matter clearly exceeds $75,000 exclusive of interest and costs.

13. Plaintiff was employed by Defendant from July 3, 2018 to May 21, 2021. While employed, Plaintiff earned $13.16 /hour and was scheduled to work approximately 40 hours per week. *See* **Exhibit D, Declaration of Mie Koscielski.** Thus, Plaintiff's average weekly gross pay was at least $526.40/week. Plaintiff's employment ended on May 21, 2021. To date, Plaintiff's potential back pay is approximately $5,264 excluding interest.[1]

14. While Defendant disputes any and all liability with respect to damages, through trial, Plaintiff's back pay award alone could reasonably be expected to exceed $75,000. In the United States District Court for the Western District of Kentucky, for the 12 month period ending on March 31, 2020, the median time period for a civil case to proceed from the filing of the complaint to a jury trial is 44.8 months, or approximately 176 weeks. *See* Federal Court Management Statistics (March 31, 2021), Judicial Conference of the United States.[2] Thus, measuring forward from the date of removal, Plaintiff could recover an additional 176 weeks of back pay through trial, or approximately $92,600.

15. Under the umbrella of compensatory damages, if ultimately successful, Plaintiff could recover damages for emotional distress. While Defendant disputes any and all liability with respect to damages, Kentucky jurors have awarded damages for emotional distress in the six figure range in retaliation cases. *Asbury University v. Powell*, 486 S.W.3d 246, 264 (Ky. 2016) (affirming damages award of $300,000 for humiliation, embarrassment, and emotional distress resulting from retaliation claim under KCRA); *Banker v. University of Louisville Athletic Association, Inc.*, 466

---

[1] Calculation based on 10 weeks of back pay from May 21, 2021 to July 30, 2021 at a rate of $526.40 per week.

[2] Available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/03/31-1

Statistics for the twelve month period ending on March 31, 2021 are the most recent available statistics for the United States District Court for the Western District of Kentucky.

7590268v.1

S.W.3d 456, 463-64 (Ky. 2015) (affirming damages award of $300,000 for emotional distress resulting from retaliatory discharge claim under KCRA); *Core Medical, LLC v. Schroeder*, 2010 WL 2867820, at *6–7 (Ky. Ct. App. 2010) (affirming award of damages of $125,000 for emotional distress in KCRA).  Given Plaintiff's allegations, that he was subject to retaliatory termination, a Kentucky jury could award significant damages for emotional distress if Plaintiff prevails on his claim at trial.

16.     In addition, Plaintiff seeks to recover attorneys' fees. *See* **Exhibit A, Complaint**. Reasonable attorneys' fees, when mandated or allowed by statute, are included in the determination of the amount in controversy. *Bierne v. Faurecia Exhaust Systems, Inc.*, No. 3:13-cv-01156, 2014 WL 3966382, at *3 (W.D. Ky. Aug. 13, 2014); Citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); citing KRS 344.450. Anticipated reasonable attorneys' fees should be included in determining the amount in controversy. *Parrigin v. Pfaff Indus. Of America, Inc.*, No. 1:06-cv-160, 2006 WL 3759585, at FN 4 (W.D.K.Y. Dec. 19, 2006). Again, while Defendant disputes any and all allegations of liability, through the course of trial, Plaintiff's attorneys' fees alone would very likely exceed $75,000.00. *See e.g. Asbury University v. Powell*, 486 S.W.3d 246, 265 (Ky. 2016) (affirming award of attorneys' fees and costs of $284,400 for costs of counsel and additional costs incurred resulting from retaliation claim under KCRA); *Banker v. University of Louisville Athletic Association, Inc*., 466 S.W.3d 456, 465 (Ky. 2015) (affirming attorney fee award of $149,325 based on hourly rate of $220 and 678.75 hours of work resulting from retaliatory discharge claim under KCRA).

17.     While Defendant denies Plaintiff is entitled to any recovery whatsoever, Plaintiff's potential back pay and front pay award, potential emotional distress award, and attorneys' fees

7590268v.1

through trial, will certainly exceed the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a).

18. Venue is properly placed in the United States District Court for the Western District of Kentucky because it is the district court for the district within which the state action is pending, the Circuit Court for Jefferson County, Kentucky, in accordance with 28 U.S.C. § 1446(a).

19. Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of the Notice of Removal, Defendant's "Notice of Filing Notice of Removal" was served upon counsel for Plaintiff, Kurt A. Scharfenberger, 800 Kentucky Home Life Building, 239 S. Fifth Street, Louisville, KY 40202.

20. Undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of the Notice of Removal, a copy of the same, along with Defendant's "Notice of Filing Notice of Removal" was filed with the Clerk and Master for Jefferson County, Kentucky. **Exhibit A**

WHEREFORE, removal of Plaintiff's action originally filed in Circuit Court for Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky is proper.

Date: August 2, 2021                          Respectfully submitted,

                                              */s/ William A. Blue, Jr.*
                                              William A. Blue, Jr., KY BPR No. 92396
                                              zblue@constangy.com
                                              CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
                                              401 Commerce Street, Suite 1010
                                              Nashville, TN 37219
                                              615.340.3800

                                              *Counsel for Defendant*

7590268v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document **NOTICE OF REMOVAL** has been furnished to counsel/parties listed below via the Court's Electronic Filing System and/or email on this August 2, 2021:

Kurt A. Scharfenberger
kurt@scharfenberger-law.com
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY  40202
(502) 562-0777 (Phone)
(502) 236-0888 (Fax)

*/s/ William A. Blue, Jr.*
William A. Blue, Jr.

7590268v.1